UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BREWER,<br><br>          Petitioner,<br><br>     v.<br><br>JEFF MACOMBER,<br><br>          Respondent. | Case No.  2:24-cv-00587-JDP (HC)<br><br>**ORDER**<br><br>SCREENING THE PETITION AND OFFERING LEAVE TO AMEND<br><br>ECF No. 1 |

    Petitioner, a state prisoner, brings this action under section 2254 and alleges that his rights were violated when the state courts rejected his habeas petition challenging a prison disciplinary violation. ECF No. 1 at 4. His petition, for the reasons stated hereafter, appears unexhausted and inadequate to state a cognizable federal habeas claim. I will give him an opportunity to amend before recommending that this action be dismissed.

    The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

    Petitioner argues that the state superior and appellate courts that considered his habeas

1

petitions operated as a "simple dead end" by incorrectly rejecting his petitions. ECF No. 1 at 4-6. As an initial matter, petitioner has not indicated that the claims at issue here were exhausted, as they must be before this action can proceed, by being presented to and receiving a decision from the California Supreme Court. *See Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011). Second, a federal habeas challenge to a prison disciplinary conviction fails if the conviction was supported by some evidence. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985). While petitioner takes issues with the state courts' handling of his habeas petitions, the success of this action hinges on his challenge to the underlying disciplinary conviction. Having reviewed the petition and the attached documents, it appears that the conviction was premised on "some evidence," namely a test of petitioner's mail that indicated the presence of controlled substances, his refusal to provide a urine analysis thereafter and, ultimately, a guilty plea in prison disciplinary proceedings. ECF No. 1 at 11-12. I will give petitioner leave to amend to explain why this petition should proceed.

Accordingly, it is hereby ORDERED that:

1. Petitioner may file an amended petition within thirty days of this order's entry. If he fails to do so, I may recommend that this action be dismissed.
2. The Clerk of Court is directed to send petitioner a section 2254 habeas form with this order.

IT IS SO ORDERED.

Dated:   July 17, 2024                              _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

2