UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BREWER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFF MACOMBER,<br><br>　　　　Respondent. | Case No.  2:24-cv-00587-KJM-JDP (HC)<br><br>**ORDER**<br><br>DENYING MOTIONS TO REPLACE MAGISTRATE JUDGE AND FOR RECONSIDERATION<br><br>ECF Nos. 5 & 6 |

　　　　Petitioner, a state prisoner, brought this action under section 2254, alleging that his rights were violated when the state courts rejected his habeas petition challenging a prison disciplinary violation.  ECF No. 1 at 4.  I screened his petition, which not to contain a cognizable federal habeas claim and to be unexhausted.  ECF No. 4.  I did not recommend that the action be dismissed, however, and instead offered petitioner a chance to amend and to explain why his claims were both exhausted and viable.  *Id.*  Rather than amending his complaint, however, petitioner filed two motions.  ECF Nos. 5 & 6.  Both, for reasons stated below, are denied.  I will allow petitioner an additional thirty days to file his amended petition.

<u>Motion to Replace Magistrate Judge and to Shorten Time</u>

　　　　The first motion argues that I should be replaced with a different judge because, by failing to expedite these proceedings and direct service of the petition on respondent, I have jeopardized

1

1  petitioner's liberty interest in early release and will, potentially, cause him to serve the lengthened
2  sentence that this action hopes to avoid.  ECF No. 5 at 1.  I understand petitioner's predicament,
3  but I am bound by law to screen his petition and to serve it on respondent only if it appears that he
4  may be entitled to relief.  *See* 28 U.S.C. § 2254, Rule 4 ("If it plainly appears from the petition
5  and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge
6  must dismiss the petition and direct the clerk to notify the petitioner.").  As stated in my screening
7  order, relief appears impossible at this juncture.  Thus, I find that petitioner has not offered
8  justification for my removal or replacement, or for deviation from the standard procedures
9  governing federal habeas petitions.

## Motion for Reconsideration

Petitioner's second motion seeks reconsideration of my screening order and vaguely argues that my legal reasoning was motivated by "politics/personal nonsense."  ECF No. 6 at 1.  Such vague assertions do not justify reconsideration.  He also contends that he is not required to exhaust his claims because the state courts violated his federal due process rights.  *Id.* at 2.  He cites the Court of Appeals's decision in *Coe v. Thurman*, 922 F.2d 528 (9th Cir. 1990) for the proposition that he is not required to exhaust where the state remedy is ineffective.  His petition fails to support this argument, however.  To exhaust, a petitioner is required to submit his claims to the state's highest court, in this case the California Supreme Court.  *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) ("To exhaust a habeas claim properly, a petitioner must present his claim to the state supreme court even if that court's review is discretionary.").  And there appears to be no impediment to doing so in this case.  *See Carey v. Saffold*, 536 U.S. 214, 231 (2002) ("Indeed, the California Supreme Court may grant relief even if the prisoner has not filed any petition in the lower courts.").  Thus, petitioner has not shown that state remedies are ineffective.

Accordingly, it is hereby ORDERED that:

1. Petitioner's motions to replace magistrate judge, ECF No. 5, and for reconsideration, ECF No. 6 are DENIED.

2. Within thirty days of the date of this order's entry, petitioner may file an amended

Case 2:24-cv-00587-KJM-JDP   Document 8   Filed 08/28/24   Page 3 of 3

habeas petition consistent with my screening order, ECF No. 4.  If he fails to do so, I will recommend this action be dismissed.

      3.   The Clerk of Court is directed to send petitioner a section 2254 habeas form with this order.

IT IS SO ORDERED.

Dated:   August 28, 2024                                  _____
                                                           JEREMY D. PETERSON
                                                           UNITED STATES MAGISTRATE JUDGE

3