UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BREWER, | Case No.  2:24-cv-0587-KJM-JDP (P) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| JEFF MACOMBER, | |
| Respondent. | |

On August 28, 2024, I granted petitioner thirty days to file an amended petition for a writ of habeas corpus.  ECF No. 8.  To date, petitioner has not done so.

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines.  The court may dismiss a case based on petitioner's failure to prosecute or failure to comply with its orders or local rules.  *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Petitioner will be given an opportunity to explain why the court should not dismiss his case for failure to file an amended petition.  Petitioner's failure to respond to this order will

1

constitute a failure to comply with a court order and will result in dismissal of this case. Accordingly, petitioner must show cause within twenty-one days of the date of entry of this order why the court should not dismiss his case for failure to state a claim, failure to prosecute, and failure to comply with a court order.  Should petitioner wish to continue with this lawsuit, he shall also file, within twenty-one days, an amended petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated:   November 5, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE